THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XDESIGN, LLC, a Washington limited liability company,

         Plaintiff,

v.

MECCA11, LLC, a Utah limited liability company,

         Defendant.

**Cause No. 2:17-cv-01744-TSZ**

**STIPULATED PROTECTIVE ORDER**

     The parties hereby stipulate to and request the court to enter the following agreement as a Stipulated Protective Order under Federal Rules of Civil Procedure 5(e) and 26(c).

     1.    **<u>Purposes and Limitations</u>**. Discovery in this action is likely to involve production of confidential, proprietary, personally identifiable, sensitive personal, or private information for which special protection may be warranted. The loss or unrestricted disclosure of such can result in substantial harm to individuals, including identity theft or other fraudulent

STIPULATED PROTECTIVE ORDER - 1

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, Washington 98109
Phone: (206) 905-7717
Fax: (206) 319-4521

use of the information. The parties represent and acknowledge that this agreement does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

    2.    **<u>Confidential Material.</u>** Confidential material generally comprises interrogatory answers, testimony, documents, electronically stored information (ESI), and tangible things produced or otherwise exchanged in discovery that include or disclose information that is trade secret, confidential, proprietary, personally identifiable, sensitive personal, or private to one or more parties or third persons. Confidential material includes, but is not limited to the following categories: (i) personally identifiable information or sensitive personal information, as used in information security and privacy laws, that can be used on its own or with other information to identify, contact, or locate a individual, or to identify an individual in context, including information can be exploited to stalk or steal a person's identity, or aid in deceptive or criminal acts against an individual or entity; (ii) an individual's or entity's financial information; (iii) information that could breach Internet security, network security, or web browser security, or connect computer and Internet addresses and logs to account holder personal identities; (iv) nonpublic business information, such as customer, client, and prospect identities, contact information, and transactions, designs, logos, names, marks, inventions, concepts, processes, formulas, computer code, unpublished authorship, technical data and specifications, research, development plans, manufacturing or product information, know-how, marketing plans, business plans or relationships, and/or internal operations or systems; and (v) identities, addresses and other contact information, job descriptions, and personnel records of employees

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, Washington 98109
Phone: (206) 905-7717
Fax: (206) 319-4521

and contractors.

3. **Scope**. The protections conferred by this agreement cover not only Confidential material, but also (i) any information copied or extracted from confidential material; (ii) all copies, excerpts, summaries, or compilations of confidential material; and (iii) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. **Access to and Use of Confidential Material**

4.1 <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of Confidential Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the court, court personnel, and court reporters and their staff;

(c) if an entity, the officers, directors, managers and employees of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, Washington 98109
Phone: (206) 905-7717
Fax: (206) 319-4521

disclosing party designates particular documents or material produced is for Attorney's Eyes Only and is so designated;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Disclosure of Consumer Financial Information</u>. Individual parties whose consumer financial records, including but not limited to bank records, are subpoenaed from a non-party financial institution have a privacy interest in protecting from disclosure personal, family, or household financial records that are not relevant to the subject matter involved in this case. A receiving party may disclose consumer financial information ("CFI") that is designated on that basis as confidential under sections 5.2(e) below only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this

STIPULATED PROTECTIVE ORDER - 4

litigation;

(b) the court, court personnel, and court reporters and their staff;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) copy or imaging services retained by counsel to assist in the duplication of consumer financial information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement. If witnesses, other than those described in paragraph 4.3(c) above, may receive confidential information during their depositions, counsel shall confer regarding the nature and extent of the confidential information to be disclosed no later than fifteen days before the date of the deposition; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.4 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. This conference shall occur no later than five days before the

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, Washington 98109
Phone: (206) 905-7717
Fax: (206) 319-4521

proposed filing.

5. **Designating Protected Material**.

    5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., sections 5.2(b), 5.2(e), and 5.3 below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

        (a)   *Information in documentary form*: (e.g., paper or electronic documents, ESI produced in documentary form, and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, Washington 98109
Phone: (206) 905-7717
Fax: (206) 319-4521

the word "CONFIDENTIAL"—or, in the case of confidential consumer financial information only, "CONFIDENTIAL – CFI", to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) *Testimony given in deposition or in other pretrial or trial proceedings*: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) *Other tangible items*: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL;" if only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s) in writing at the time the item is produced.

(d) *ESI*: if produced on electronic storage media, designated as described in (c) above; if transmitted as an email attachment or made available for electronic download (e.g., document exchange portal, online file sharing, or cloud storage), the producing party shall include the word "CONFIDENTIAL" in the file name, if practicable, and if only a portion or portions of the information warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s) to the receiving party in writing at the time the information is produced.

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, Washington 98109
Phone: (206) 905-7717
Fax: (206) 319-4521

(e) *Materials produced under subpoena*: The party serving the subpoena must provide all other parties with a copy of the materials produced by the person named in the subpoena or copied by the party serving the subpoena as soon as practicable after receipt of the materials. Absent extraordinary circumstances, the specifics of which all other parties are notified:

(i) photocopies or scanned PDF files of material produced in hard copy shall be provided within five business days of receipt of the materials,

(ii) copies of ESI produced on electronic storage media or as an email attachment shall be provided within two business days of receipt of the materials, and

(iii) the access information for ESI made available for electronic download (e.g., document exchange portal, online file sharing, or cloud storage) shall be provided within one business day of receipt of the access information.

Copies of ESI produced to the party serving the subpoena on electronic storage media or as an email attachment may be provided to the other parties by making them available for electronic download. Any party may, within fifteen days after receiving such materials, designate as confidential, in the manner described in sections 5.2(a), (c), and (d), as applicable, any material, or portion or portions thereof, that qualifies for protection under this agreement. Such materials shall be provisionally treated as though they are confidential under this agreement until the end of such fifteen-day period.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure

STIPULATED PROTECTIVE ORDER - 8

that the material is treated in accordance with the provisions of this agreement.

6. **Challenging Confidentiality Designations**.

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, Washington 98109
Phone:  (206) 905-7717
Fax:  (206) 319-4521

7. **Protected Material Subpoenaed or Ordered Produced in Other Litigation**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must: (a) promptly notify the designating party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. **Unauthorized Disclosure of Protected Material**. If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **Inadvertent Production of Privileged or Otherwise Protected Material**. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in CR 26(b)(6) and Evidence Rule 502(b).

10. **Non-Termination and Return of Documents**. Within 60 days after the termination of this action, including all appeals, each receiving party must return all

STIPULATED PROTECTIVE ORDER - 10

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, Washington 98109
Phone: (206) 905-7717
Fax: (206) 319-4521

confidential material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or court orders otherwise.

DATED: August 31, 2018.

_/s/ Thomas S. Zilly_
Thomas S. Zilly
United States District Judge

Jointly presented by:

THE LAW OFFICES OF JAMES W. TALBOT, PLLC AND MUNDT MACGREGOR, LLP

DATED this 14th day of August, 2018.

LAW OFFICES OF JAMES W. TALBOT

//ss// James W. Talbot
James W. Talbot, WSBA No. 22082
Attorney for Defendant MECCA11, LLC

MUNDT MACGREGOR, LLP

//ss// J. DavidStahl
J. David Stahl, WSBA No. 14113
Attorney for Plaintiff XDesign, LLC

STIPULATED PROTECTIVE ORDER - 11

**LAW OFFICES OF JAMES W. TALBOT**
500 Yale Avenue North
Seattle, Washington 98109
Phone: (206) 905-7717
Fax: (206) 319-4521